UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERNEST MACK,                    *
                                *
        Petitioner,             *
                                *
    v.                          *    Civil Action No. 10-10856-JLT
                                *
THOMAS DICKHAUT,                *
                                *
        Respondent.             *

MEMORANDUM

March 15, 2011

TAURO, J.

I.  Introduction

On May 20, 2010, Petitioner Ernest Mack, an inmate at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Respondent Thomas Dickhaut, Superintendent of SBCC, maintains that the Petition is untimely under the one-year statute of limitations applicable to such petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Presently at issue is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [#14]. For the following reasons, the Motion is DENIED.

II.  Background

In August 2003, a grand jury sitting in the Massachusetts Superior Court Department for Suffolk County ("trial court") indicted Petitioner on four counts: Count One: armed assault with intent to murder under Massachusetts General Laws chapter 265, section 18B; Count Two:

---

[1] 28 U.S.C. § 2244(d).

assault and battery by means of a dangerous weapon under chapter 265, section 15A; Count Three: assault and battery under chapter 265, section 13A; and Count Four: intimidation of a witness under Massachusetts General Laws chapter 268, section 13B.[2] Counts One, Two, and Four of the indictment included habitual-offender charges pursuant to Massachusetts General Laws chapter 279, section 25.[3]

On September 20, 2006, Petitioner pled guilty to Counts One and Two without the habitual-offender provisions.[4] Petitioner also pled guilty to Counts Three and Four.[5]

The trial court accepted the plea and sentenced Petitioner to not more than fourteen and not less than twelve years in the Massachusetts Correctional Institute at Cedar Junction ("MCI Cedar Junction") for Count One. For Count Two, the trial court sentenced Petitioner to a five-year period of probation to run from and after the sentence for Count One. For Count Four, which included the habitual-offender charge, the trial court sentenced Petitioner to ten years in MCI Cedar Junction, to run consecutively with the sentence imposed for Count One. With respect to Count Three, the trial court sentenced Petitioner to two and half years served at the Suffolk County House of Correction.[6] Petitioner thus received sentences to MCI Cedar Junction for Counts One and Four.

---

[2] Mem. Law. Supp. Resp't Dickhaut's Mot. Dismiss Mack's Pet. Writ Habeas Corpus Time-Barred, Ex. 2 [#15] [hereinafter Mem. Law Supp. Mot. Dismiss].

[3] Mem. Law Supp. Mot. Dismiss, Ex. 2 [#15].

[4] See Mem. Law Supp. Mot. Dismiss, Ex. 1, Ex. 3 [#15]. That is, Petitioner did not plead guilty to the chapter 279 charges in Counts One and Two.

[5] See Mem. Law Supp. Mot. Dismiss, Ex. 1, Ex. 3 [#15].

[6] Mem. Law Supp. Mot. Dismiss, Ex. 1 [#15].

On November 13, 2006, Petitioner filed a pro se motion to revise and revoke the sentence under Massachusetts Rule of Criminal Procedure 29.[7] The motion alternatively sought relief under Massachusetts Rule of Criminal Procedure 30.[8] On December 28, 2006, the trial court endorsed the motion with the ruling, "No action taken . . . because counsel was appointed on Nov. 27, 2006."[9]

On May 21, 2007, the Appellate Division of the Superior Court Department for the Review of Sentences to the MCI Cedar Junction dismissed the appeal of the judgment imposing the sentence at MCI Cedar Junction.[10]

On June 30, 2008, Petitioner moved to withdraw his guilty plea and moved for a new trial under Rule 30.[11] He asserted that he did not know or understand "the elements the Commonwealth was required to prove."[12] On July 9, 2008, the trial court denied the motion.[13]

On July 18, 2008, Petitioner filed a pro se notice of appeal from the denial of the motion

---

[7] See Mem. Law Supp. Mot. Dismiss, Ex. 4 [#15] (attaching the Motion for Revise and Revoke).

[8] See Mem. Law Supp. Mot. Dismiss, Ex. 4 [#15].

[9] Mem. Law Supp. Mot. Dismiss, Ex. 5 [#15].

[10] Mem. Law Supp. Mot. Dismiss, Ex. 1, Ex. 6 [#15].

[11] See Mem. Law Supp. Mot. Dismiss, Ex. 1, Ex. 7 [#15]. Rule 30, provides, in relevant part: "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done." Mass. R. Crim. P. 30(b).

[12] Mem. Law Supp. Mot. Dismiss, Ex. 7 [#15]. Petitioner also maintained that trial counsel was ineffective by not investigating the charges, including Petitioner's allegation that the victim's lung collapsed from over-exertion as opposed to stab wounds inflicted by Petitioner. See Mem. Law Supp. Mot. Dismiss, Ex. 7 [#15].

[13] See Mem. Law Supp. Mot. Dismiss, Ex. 1, Ex. 8 [#15].

3

to withdraw his plea and motion for a new trial.[14] On June 5, 2009, the appeals court affirmed the denial of the motion to withdraw the guilty plea and the motion for a new trial.[15] The court described the plea colloquy as "careful and thorough" and said that "nothing in the record" suggested substandard representation on the part of Petitioner's attorneys.[16]

On September 10, 2009, the Massachusetts Supreme Judicial Court ("SJC") denied an application for leave to obtain further appellate review ("ALOFAR").[17]

On May 20, 2010, Petitioner filed this Petition for Writ of Habeas Corpus.[18]

III. Discussion

Respondent moves to dismiss this Petition as untimely.[19] The AEDPA imposes a one-year period of limitation on petitions for writs of habeas corpus.[20] This one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[21]

Although federal law "determines when a judgment is final for federal habeas purposes, a

---

[14] See Mem. Law Supp. Mot. Dismiss, Ex. 1 [#15].

[15] See Mem. Law Supp. Mot. Dismiss, Ex. 9 [#15]; Commonwealth v. Mack, 74 Mass. App. Ct. 1115 (June 5, 2009).

[16] Mem. Law Supp. Mot. Dismiss, Ex. 9 [#15].

[17] See Mem. Law Supp. Mot. Dismiss, Ex. 10 [#15]; Commonwealth v. Mack, 454 Mass. 1110 (2009).

[18] See Pet. Under 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody [#1].

[19] See Resp't's Mot. Dismiss Pet. Writ Habeas Corpus Time-Barred, 1 [#14].

[20] See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[21] Id. § 2244(d)(1)(A) (emphasis added).

4

necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review."[22] State law determines "how long a prisoner has to file a direct appeal"[23] and thus whether a petitioner is able to seek further direct review.

Massachusetts law allows a thirty-day period to file an appeal of a criminal conviction.[24] After it is accepted, a guilty plea "is itself a conviction; nothing more is required except for the court to give judgment and sentence."[25] Massachusetts law also establishes that a "'motion for new trial is the appropriate device for attacking the validity of a guilty plea.'"[26]

Here, whether Petitioner's petition was timely filed depends on when the judgment against Petitioner "became final by the conclusion of direct review."[27] Respondent submits that the judgment became final on September 20, 2006, when Petitioner pled guilty and the trial court accepted the plea and issued the sentence. Petitioner argues that because a motion for a new trial

---

[22] Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citation omitted).

[23] Id.; see also Rodriguez v. Spencer, 412 F.3d 29, 33 (1st Cir. 2005) (using Massachusetts law as a "starting point" to determine whether review was "collateral" under section 2244(d)(2) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002))).

[24] See Mass. R. App. P. 4(b). In Jimenez v. Quarterman, 555 U.S. 113, 129 S. Ct. 681 (2009), the Supreme Court "held that a petition is not 'final' under § 2244(d)(1)(A) when a state court grants a petitioner the right to file an out-of-time direct appeal during state collateral review, but before the petitioner seeks federal habeas relief." Drew v. MacEachern, 620 F.3d 16, 22 (1st Cir. 2010) (quoting Jimenez, 129 S. Ct. at 686).

[25] Commonwealth v. Balliro, 437 Mass. 163, 166 (2002) (citing Commonwealth v. Robbins, 431 Mass. 442, 444 (2000)); accord Commonwealth v. DeMarco, 387 Mass. 481 (1982).

[26] Commonwealth v. Fernandes, 30 Mass. 714, 715 (1984) (quoting Commonwealth v. Huot, 380 Mass. 403, 406 (1980) (citation omitted)).

[27] 28 U.S.C. § 2244(d)(1)(A).

5

is the only means to challenge the validity of a guilty plea, the judgment became final upon completion of the appeal of the denial of the motion for a new trial. According to Petitioner, the judgment therefore became final on September 10, 2009, when the SJC denied the ALOFAR.[28]

No court has ruled on whether a motion for a new trial pursuant to Rule 30 is part of direct or collateral review. But in <u>Commonwealth v. De La Zerda</u>, the SJC acknowledged in dicta the possibility that a Rule 30 motion that challenges a guilty plea "might be seen as a direct appeal, in that such a motion provides the only avenue for appellate review of the validity of the guilty plea."[29] The SJC did not decide, however, whether a Rule 30 motion attacking a guilty plea "seeks direct or collateral review, or some hybrid of the two."[30] The SJC explained that a Rule 30 motion "is intended to 'be truly post-conviction, that is, it is not open to the defendant until the validity of the finding or verdict of his guilt is conclusively established by an appellate court if an appeal is taken.'"[31] Moreover, outside the context of a Rule 30 motion attacking the validity of a guilty plea, Rule 30 ordinarily provides the means to collaterally review a conviction after it becomes final.[32]

---

[28] If the denial of the ALOFAR constitutes the relevant benchmark of finality under section 2244(d)(1)(A), the ninety-day period for filing a petition for a writ of certiorari would apply. <u>See</u> <u>Cordle v. Guarino</u>, 428 F.3d 46, 48 (1st Cir. 2005) ("The SJC affirmed Cordle's convictions on March 11, 1992; her convictions became final ninety days thereafter." (citing <u>Neverson v. Farquharson</u>, 366 F.3d 32, 36 (1st Cir. 2004))).

[29] <u>Commonwealth v. De La Zerda</u>, 416 Mass. 247, 250 (1993) (citing <u>Fernandes</u>, 30 Mass. at 716).

[30] <u>Id.</u>

[31] <u>Id.</u> (quoting <u>Commonwealth v. Powers</u>, 21 Mass. App. Ct. 570, 572 (1986)).

[32] <u>See</u> <u>Rodriguez v. Spencer</u>, 412 F.3d 29, 33–34 (1st Cir. 2005).

6

Similarly, in a recent decision, Wall v. Kholi, the Supreme Court declined to determine whether a collateral attack seeking a sentence reduction under Rhode Island law could in some cases constitute "part of direct review under § 2244(d)(1)."[33] The Court did, however, recognize the possibility that such a motion is part of direct review because in Rhode Island a motion for a sentence reduction is a defendant's sole means of challenging a sentence.[34]

This court is thus confronted here with an issue of first impression. Combining the reasoning of the Supreme Court in Wall and the SJC in De La Zerda, this court is persuaded that a motion for a new trial pursuant to Massachusetts Rule of Criminal Procedure 30 is a part of direct review for the purposes of the AEDPA.

Although in Wall the Supreme Court was concerned with a motion for a sentence reduction under Rhode Island law, a Rule 30 motion for a new trial is analogous for current purposes. A motion pursuant to Rhode Island Superior Court Rule of Criminal Procedure 35 is a movant's only means of challenging a sentence.[35] As the SCJ explicitly stated in De La Zerda, a Rule 30 motion is likewise a movant's sole means of challenging the validity of a guilty plea.[36]

---

[33] Wall v. Kholi, No. 09-868, __U.S.__, 2011 U.S. LEXIS 1906, at *18 n.3 (March 7, 2011). In Wall, the petitioner had filed a motion for a sentence reduction pursuant to Rule 35 of the Rhode Island Superior Court Rules of Criminal Procedure, see id. at *6, and the Court held that the motion was an application for collateral review, see id. at *19–20. The Court thus held that the petitioner's motion triggered the tolling provision of the AEDPA. See id. at *20.

[34] Id. at *18 n.3 ("We can imagine an argument that a Rhode Island Rule 35 proceeding is in fact part of direct review under § 2244(d)(1) because . . . defendants in Rhode Island cannot raise any challenge to their sentences on direct appeal; instead, they must bring a Rule 35 motion." (citing State v. Day, 925 A.2d 962, 985 (R.I. 2007); State v. McManus, 990 A.2d 1229, 1228 (R.I. 2010); Jimenez, 555 U.S. 113 at *6–7)).

[35] See id.

[36] See De La Zerda, 416 Mass. at 250 (citing Fernandes, 30 Mass. at 716).

7

Such a motion thus constitutes direct review because the motion is a petitioner's sole avenue of redress.[37]

Here, Petitioner's only option for challenging the validity of his guilty plea was a Rule 30 motion. For that reason, his Rule 30 motion was a part of direct review. The judgment against Petitioner thus did not "become final"[38] for the purposes of the AEDPA until September 10, 2009, the day that the SJC denied Petitioner's ALOFAR. Petitioner thus had until September 10, 2010 to file a habeas petition. Because Petitioner filed his petition on May 20, 2010, he was well within the one-year period of limitation imposed by the AEDPA.[39]

IV. Conclusion

For the foregoing reasons, Petitioner's habeas petition was timely filed under the AEDPA. Consequently, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [#14] is DENIED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge

---

[37] See Wall, 2011 U.S. LEXIS 1906, at *18 n.3.

[38] 28 U.S.C. § 2244(d)(1)(A).

[39] Because this court holds that Petitioner's petition is not time-barred, this court need not address whether the statute of limitations was tolled.